IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALFONS KEEFER,** | : | **CIVIL ACTION** |
| **Plaintiffs** | : | |
| | : | |
| vs. | : | NO. 4:11-00516 |
| | : | |
| **JOHN GEMBIC, et al.,** | : | |
| **Defendants** | : | |

**M E M O R A N D U M**

**STENGEL, J.**                                                                                                April 10, 2014

     Plaintiff Alfons Keefer brought this civil rights action against several defendants claiming that the defendants had retaliated against him in violation of his First Amendment rights after he complained about judicial misconduct.  He further alleged violations of his Fourth Amendment rights to engage in business without arbitrary and capricious governmental interference.  On September 30, 2013, I granted the defendants' motions to dismiss Count II with prejudice, and granted their motions to dismiss Counts I, III, and IV without prejudice to amending the complaint to cure the pleading defects.  In December 2013, there being no amendment filed, the defendants filed a motion to dismiss for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  On January 13, 2014 and January 21, 2014, the plaintiff filed motions for extension of time to file a response.  The latter motion sought an extension to January 27, 2014.  To date, the plaintiff still has not filed a response.  For the following reasons, I will dismiss this case in its entirety.

     Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss a claim "if the plaintiff fails to prosecute or to comply with these rules or a court

Order." Decisions regarding dismissal of actions for failure to prosecute rest in the sound discretion of the court, and will not be disturbed absent an abuse of that discretion. Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002). A court may dismiss an action pursuant to Rule 41(b) *sua sponte*. Caterbone v. Lancaster County Prison, 293 Fed. Appx. 867 (3d Cir. 2008). Here, however, the defendants have requested dismissal.

In determining whether dismissal is appropriate, the court shall consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling Orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or the attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984). In balancing these factors, courts of appeals do not employ a mechanical calculation to determine whether a district court abused its discretion in dismissing a plaintiff's case. Briscoe v. Klaus, 538 F.3d 252, 263 (3d Cir. 2008). Consistent with this view, it is well-settled that "no single Poulis factor is dispositive," and it is clear that not all of the Poulis factors need be satisfied in order to dismiss a complaint. Id.

In this case, the Poulis factors weigh heavily in favor of dismissal. First, the plaintiff is solely responsible for the prosecution of this action. As set forth in his October 29, 2013 correspondence to the court, Mr. Keefer's attorney indicated that he was going to file an amended complaint soon. Over five months later, he has taken no

steps to file an amended complaint. Because the plaintiff was aware that he was granted leave to file an amended complaint, and because he has yet to do so, the first Poulis factor is satisfied.

Second, the defendants have been prejudiced by the plaintiff's failure to file an amended complaint. Prejudice occurs when a plaintiff's failure to prosecute burdens the defendant's ability prepare for trial. Ware v. Rodale Press, Inc., 322 F.3d 218, 222-223 (3d. Cir. 2003). The defendants have been held in limbo without the certainty of knowing whether the case would proceed to trial or be terminated. The facts alleged in the complaint occurred in 2008 and 2009. Now, more than four years later, the defendants would be at a disadvantage if they had to defend themselves against claims that were not adequately set forth against them. Any relevant evidence is more than likely stale. Therefore, the second Poulis factor is also met.

Third, I cannot find that the plaintiff has had a history of dilatoriness. Even the defendants acknowledge that the plaintiff's delay is related only to his most recent failure to amend. The plaintiff was aware of his opportunity to file an amended complaint, and indicated to the court that he would be filing one "soon." Over five months have passed, and he has not made any attempt to seek additional time to file an amended complaint since January 2014. Given this failure to amend, the third Poulis factor also weighs in favor of dismissal.

Fourth, the plaintiff knows that he is responsible for the prosecution of this case, notwithstanding the difficulty his attorney faces with the Disciplinary Board of

Pennsylvania. If his attorney was not able to continue to represent the plaintiff, then the plaintiff could have found replacement counsel, or petitioned the court to represent himself. To date, the plaintiff has chosen neither option. The docket shows that Attorney Bailey continues to represent the plaintiff. Under these circumstances, I must conclude that the plaintiff's failure to prosecute is willful.

Fifth, while Poulis enjoins consideration of the effectiveness of sanctions other than dismissal, it is apparent that dismissal is the only reasonable alternative here. There are currently no pending claims against the defendants and, therefore, there are no reasonable alternative sanctions but dismissal of the case with prejudice. Accordingly, the fifth Poulis factor is also satisfied.

Finally, with little to no discovery having been conducted, it is difficult to determine whether any potential claims in an amended complaint would have any merit. Nevertheless, the defendants indicate in their motion that any loss of business suffered by the plaintiff can be attributed only to his own criminal behavior. In February 2012, Mr. Keefer was convicted of the felony of theft of movable property and a misdemeanor charge of obstructing administration of law. It would be nearly impossible to ascribe any loss of business to a violation of the plaintiff's constitutional rights by the defendants. Accordingly, the sixth Poulis factor also weighs in favor of dismissal, and I will dismiss this case with prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

An appropriate Order follows.